*E-FILED - 5/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONAL OFFICER ) <br> CAPLAN, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 02-5603 RMW (PR) <br><br> PARTIAL DISMISSAL ORDER; ORDER OF SERVICE; ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 7, 2003, plaintiff filed an amended complaint. On March 30, 2004, the court granted plaintiff leave to file an amended complaint and issued an order to show cause to plaintiff as to why the case should not be dismissed for his failure to exhaust administrative remedies prior to filing this action. Plaintiff filed a response to the court's order to show cause demonstrating that he has exhausted his administrative remedies through the director's level of review prior to filing this action. On October 27, 2005, plaintiff filed a supplemental complaint, requesting to add the supplemental complaint to claims relating back to his original complaint. On Mya 22, 2007, the court issued an order directing plaintiff to file a response clarifying

whether he intended to file the supplemental complaint as a second amended complaint. Thereafter, plaintiff filed a third amended complaint. The court dismisses one of plaintiff's claims and order service of the third amended complaint on the named defendants.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

#### 1. Retaliation

Plaintiff alleges that Correctional Training Facility ("CTF") prison staff retaliated against him after he filed a prison grievance concerning the placement of five different cell-mates, that were all smokers, in plaintiff's cell. Plaintiff claims that the defendants placed him in administrative segregation and filed false disciplinary reports (three CDC 115's and four CDC-128-B chronos) to retaliate against him. See Third Amended Complaint ("TAC") at 3, 3-(1), 3-(2). Plaintiff was repeatedly harassed and threatened by CTF staff for his filing a civil rights complaint with the court regarding these incidents. Id. at 3-(2).

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not

expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. Perry v. Sindermann, 408 U.S. 593, 597 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (same).

     Prisoners may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (retaliation for prisoner's work as jailhouse lawyer). This constitutional prohibition clearly includes retaliation for filing a complaint. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The right of access to the courts extends to established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). The right to file a grievance is subsumed under the First Amendment right to petition the government for redress of grievances, see id. at 333, and protects both the filing, see id., and content, see Bradley, 64 F.3d at 1279, of prison grievances.

     A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). However, if fabricating charges against an inmate

Partial Dismissal Order; Order of Service; Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.02\Jenkins603srv

3

infringes on a substantive constitutional right, e.g. the right of access to the courts, the mere presence of procedural protections cannot defeat a claim for denial of the substantive constitutional right.  See, e.g., Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988) (filing of false charges against prisoner in retaliation for his cooperation with state investigators constituted violation of prisoner's substantive constitutional rights).  Similarly, a claim that false disciplinary charges were filed in retaliation for a grievance submitted under established procedures is actionable under § 1983.  See Sprouse, 870 F.2d at 452.

Liberally construed, plaintiff's allegations satisfy the pleading requirements for a First Amendment retaliation claim.  The court will order service of this claim.

**2.   Excessive Force**

Plaintiff alleges that defendant Correctional Officer Thompson assaulted him while defendant Sergeant Pedia stood watching the assault and telling plaintiff to shut up.  See TAC at 3-(1).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 824, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

However, whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate.  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Id. at 6-7; Whitley, 475 U.S. at 320-21; Jeffers v. Gomez, 267 F.3d 895, 912-13 (9th Cir.

2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7; LeMaire, 12 F.3d at 1454; see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation); see, e.g., Watts v. McKinney, 394 F.3d 710, 712-13 (9th Cir. 2005) (finding that kicking the genitals of a prisoner who was on the ground and in handcuffs during an interrogation was "near the top of the list" of acts taken with cruel and sadistic purpose to harm another); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (pepper-spraying fighting inmates a second time after hearing coughing and gagging from prior spray was not malicious and sadistic for purpose of causing harm, where initial shot of spray had been blocked by inmates' bodies).

"[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995), citing Del Raine v. Williford, 32 F.3d 1024, 1038 (7th Cir. 1994) ("A failure of prison officials to act in such circumstances suggests that the officials actually wanted the prisoner to suffer the harm.").

Liberally construed, plaintiff has alleged a cognizable Eighth Amendment excessive force claim against defendants Thompson and Pedia. The court will order service of this claim.

**3.     Property**

Plaintiff alleges that on August 9, 2004 he was transferred from CTF in Soledad, California to Pleasant Valley State Prison without his personal property. Plaintiff claims that defendants Burch and Osuna were responsible for the loss of his property due to plaintiff's previous staff complaints against these defendants concerning the handling of his property.

Plaintiff filed a government tort claim which was granted by the state government claims board and referred to the California Department of Corrections and Rehabilitation. Plaintiff states that he has not received a response concerning his claim from the Department of Corrections and Rehabilitation. See TAC at 3-(2)-3(3).

Inmates who have been afforded the opportunity to possess personal property in prison may claim that prison officials have confiscated or destroyed their property without due process. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989).

The court concludes that plaintiff's property claim is not cognizable under §1983 because plaintiff has an adequate state remedy for the random and unauthorized loss of his personal property. Accordingly, plaintiff's property claim is DISMISSED as to all defendants without leave to amend.

///

**CONCLUSION**

1. Plaintiff's property claim is DISMISSED without leave to amend.

2. The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the <u>third amended complaint</u> in this matter (docket no. 26), all attachments thereto, and a copy of this order upon the following defendants, located at the Correctional Training Facility in Soledad, California: **Correctional Officer Caplan, Sergeant Dunstan, Correctional Officer Ellenbracht, Sergeant Morris, Lieutenant Roberts, Sergeant McDonald, Sergeant Kulwicki, Lieutenant Altermyeyer, Correctional Counselor-I Ellison, Correctional Officer Flores, Lieutenant Stoneburg, Lieutenant Benedetti, Correctional Officer Thompson, Sergeant Sandavol, Sergeant Pedia, Sergeant Lamson, Lieutenant Ahl, Captain Sisk, Captain Trexler, G.E. Harris, Associate Warden Jill Brown, and Warden J. Solis.**

3. No later than **sixty (60) days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

   b. **<u>If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

///
///
///

   a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

       5.       Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

       6.       The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       7.       All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

       8.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered by the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because plaintiff is incarcerated, he is not required to meet and confer with defendants in person.

1 Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/9/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge