1
2
3
4
5
6          *E-FILED - 10/15/08*
7
8                IN THE UNITED STATES DISTRICT COURT
9
10            FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   ROBERT LEE JENKINS, JR.,        )       No. C 02-5603 RMW (PR)
                                     )
13            Plaintiff,             )       ORDER DENYING MOTION FOR
                                     )       APPOINTMENT OF COUNSEL
14      v.                           )
                                     )
15                                   )       (Docket No. 64)
     CORRECTIONAL OFFICER            )
16   CAPLAN, et al.,                 )
                                     )
17            Defendants.            )
     _____)
18

19        Plaintiff has filed a request for the appointment of counsel to represent him in the instant

20   42 U.S.C. § 1983 civil rights action.  However, there is no constitutional right to counsel in a

21   civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915

22   confers on a district court only the power to "request" that counsel represent a litigant who is

23   proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1).  This does not give the courts the power

24   to make "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S.

25   296, 310 (1989).

26        The court may ask counsel to represent an indigent litigant under § 1915 only in

27   "exceptional circumstances," the determination of which requires an evaluation of both (1) the

28   likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro

1  se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520,

2  1525 (9th Cir. 1997).  Both of these factors must be viewed together before reaching a decision

3  on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the fact that

4  the pro se litigant would be better served with the assistance of counsel, necessarily qualify the

5  issues involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery

6  was comprehensive and focused and his papers were generally articulate and organized, district

7  court did not abuse discretion in denying request for counsel).

8         Here, the court has yet to review the merits of plaintiff's complaint.  The court finds that

9  exceptional circumstances entitling plaintiff to the appointment of counsel do not exist.  The

10 likelihood of plaintiff's success on the merits cannot be ascertained at this point in the

11 proceedings, and the legal issues are not complex.  Accordingly, the court concludes that

12 appointment of counsel is premature at this time.  Plaintiff's motion for appointment of counsel

13 (docket no. 64) is DENIED without prejudice.

14        IT IS SO ORDERED.

15 Dated:   10/10/08

16                                          _Ronald M. Whyte_____
                                           RONALD M. WHYTE
17                                         United States District Judge

18

19

20

21

22

23

24

25

26

27

28