*E-FILED - 2/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE JENKINS, JR., )       No. C 02-5603 RMW (PR)
                        )
        Plaintiff,      )       ORDER DENYING DEFENDANTS'
                        )       MOTION TO DISMISS; GRANTING
    v.                  )       DEFENDANTS' MOTION FOR A
                        )       MORE DEFINITE STATEMENT;
                        )       DIRECTING DEFENDANTS TO FILE
CORRECTIONAL OFFICER    )       MOTION FOR SUMMARY JUDGMENT
CAPLAN, et al.,         )       OR NOTICE REGARDING SUCH
                        )       MOTION; DIRECTING PLAINTIFF TO
        Defendants.     )       LOCATE UNSERVED DEFENDANTS
_____)
                                (Docket No. 69)

        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint alleging

violations of his federal constitutional rights by prison staff at the Correctional Training Facility

in Soledad, California. Five years after plaintiff filed his original complaint, plaintiff's third

amended complaint was served on defendants. Before this court is defendants' motion to

dismiss. Plaintiff has filed an opposition thereto, and defendants have not filed a reply. For the

reasons discussed below, defendants' motion to dismiss is DENIED. Defendants' request for a

more definite statement is GRANTED. In addition, plaintiff is directed to locate unserved

defendants.

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd          1

1

**DISCUSSION**

2

A.    <u>Motion to Dismiss</u>

3

Defendants' move to dismiss plaintiff's third amended complaint, alleging that it (1) fails

4

to comply with Federal Rules of Civil Procedure 8 mandating that the complaint set forth a short

5

and plain statement of the claims; (2) fails to state a cognizable claim; and (3) violates Federal

6

Rules of Civil Procedure 18(a) and 20 regarding related claims and joinder of defendants.  In the

7

alternative, defendants request that in the event the court does not dismiss plaintiff's third

8

amended complaint, it order plaintiff to provide a more definite statement.

9

In plaintiff's opposition, he disputes that his complaint violated any rules of civil

10

procedure, but attempts to cure any alleged deficiencies as set forth by defendants.

11

1.    <u>Rule 8</u>[1]

12

Defendants argue that the complaint must be dismissed because it fails to comply with

13

Rule 8(a).  Defendants argue that the third amended complaint alleges a wide variety of

14

violations against a multitude of defendants and does not provide "a short and plain statement"

15

of the claims, as required by Rule 8(a).  Specifically, defendants allege that the complaint fails to

16

match up any specific allegations with specific defendants and fails to give dates for many of the

17

accusations.

18

Rule 8 provides, in pertinent part, that a claim for relief in a complaint in federal court

19

"must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

20

relief."  Fed. R. Civ. P. 8(a)(2).  Where the allegations in a complaint are "argumentative, prolix,

21

replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to

22

comply with Rule 8(a).  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); <u>see</u>

23

<u>also</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming

24

dismissal of complaint that was "verbose, confusing and almost entirely conclusory").  However,

25

"verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)."

26

27

[1]Unless otherwise noted, all references to rules in this order are to rules of the Federal Rules of Civil Procedure.

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd       2

1   Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131 (9th Cir. 2008).  A complaint, even

2   if lengthy, is permissible if it sets forth "coherent, well-organized, and stated legally viable

3   claims."  Id.

4        Here, even assuming that plaintiff's third amended complaint violated Rule 8(a),

5   plaintiff's opposition appears to cure those deficiencies of which defendants allege.  In fact, the

6   opposition likely sets far more detail than necessary, however, it succeeds in giving appropriate

7   and relevant dates, and links particular defendants to particular incidents, as defendants

8   requested.  See Hearns, 530 F.3d at 1132.

9        2.    Rule 12

10       Defendants also argue that the amended complaint fails to state a cognizable claim for

11  relief, and must be dismissed pursuant to Rule 12(b)(6).

12       A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which

13  relief can be granted.  Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir.

14  1995).  Dismissal for failure to state a claim is a ruling on a question of law.  Id.  "The issue is

15  not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to

16  support his claim."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  "While a

17  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

18  allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief

19  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

20  of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations

22  and internal quotations omitted).  A motion to dismiss should be granted if the complaint does

23  not proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

24  However, a pro se pleading must be liberally construed, and "however inartfully pleaded, must

25  be held to less stringent standards than formal pleadings drafted by lawyers."  Id.

26       In plaintiff's third amended complaint, with respect to his retaliation claim, plaintiff

27  alleges that defendants retaliated against him after he filed a prison grievance concerning the

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants

1   placement of five different cell-mates, who were all smokers, in plaintiff's cell.  Plaintiff claimed

2   that the defendants placed him in administrative segregation and filed false disciplinary reports

3   to retaliate against him.  Further, plaintiff alleged that he was harassed and threatened by prison

4   staff for his filing this civil rights case with the court regarding this same incident.  With respect

5   to his excessive force claim, plaintiff alleges that defendant Thompson assaulted him and

6   defendant Pedia watched the assault during one of plaintiff's trips to administrative segregation,

7   which had resulted from the alleged incidents of retaliation.

8        Defendants argue that, without more specific factual allegations in the complaint as to a

9   specific defendant's actions, it is difficult to determine upon which grounds plaintiff's claims

10  rest.  At this stage, the court must draw all inferences from the allegations in plaintiff's favor.

11  Liberally construed, it can be reasonably be inferred from plaintiff's allegations in his third

12  amended complaint that defendants retaliated against plaintiff, in violation of his First

13  Amendment, and engaged in excessive force, in violation of his Eighth Amendment.

14       Further, even assuming that plaintiff's third amended complaint failed to state a claim for

15  relief, again plaintiff's opposition appears to cure those deficiencies of which defendants allege

16  by giving more specific details of his allegations.

17       3.    Rules 18 and 20

18       Defendants also allege that the third amended complaint should be dismissed because it

19  joins unrelated claims against numerous defendants, in violation of Rule 18(a), and it improperly

20  joins defendants who did not participate in the same transaction or series or transactions.

21       A plaintiff may properly join as many claims as he has against an opposing party.  See

22  Fed. R. Civ. P. 18(a).  While multiple claims against a single party may be alleged in a single

23  complaint, unrelated claims against different defendants must be alleged in separate complaints.

24  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Further, parties may be joined as

25  defendants only if "there is asserted against them jointly, severally, or in the alternative, any

26  right to relief in respect of or arising out of the same transaction, occurrence, or series of

27  transactions or occurrences and if any question of law or fact common to all defendants will arise

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd          4

1  in the action." Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving

2  different parties cannot be joined together in one complaint if the facts giving rise to the claims

3  were not factually related in some way – that is, if there was not "similarity in the factual

4  background of a claim."  <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997).  General

5  allegations are not sufficient to constitute similarity when the specifics are different.  <u>Id.</u>

6         In his third amended complaint, plaintiff alleges that prison staff has retaliated against

7  him for filing a prison grievance regarding being placed in a cell with smokers, and the

8  retaliation continued in response to plaintiff's filing the underlying civil rights case.  As support

9  for that claim, plaintiff lists numerous instances of alleged retaliatory events by different

10 defendants which he claims stems from his original complaint and grievance of being housed

11 with smokers.  Similarly, with respect to his excessive force claim, plaintiff alleges that the

12 assault arose from an incident related to the issue of being housed with smokers, which

13 originated from plaintiff's initial complaint and grievance of being housed with smokers.

14 Liberally construed, plaintiff alleges that these violations are demonstrative of a pattern of

15 events.  <u>Cf.</u> <u>Coughlin</u>, 130 F.3d at 1350.  Therefore, construing plaintiff's complaint liberally as

16 the court is required to do, plaintiff's allegations appear to be related, <u>see</u> Fed. R. Civ. P. 18(a),

17 as well as arise out of the same transaction, occurrence, or series of transactions and have a

18 common question of law or fact to all defendants, <u>see</u> Fed. R. Civ. P. 20.

19        Further, even assuming that plaintiff's third amended complaint violated Rules 18 and

20 20, again plaintiff's opposition appears to cure those deficiencies of which defendants allege by

21 giving more specific details of his allegations and demonstrating how the claims and defendants

22 are related to each other.

23             4.    Request for more definite statement

24        Defendants request that if the court denies their motion to dismiss, that in the alternative,

25 the court order plaintiff to provide a more definite statement so that defendants may more easily

26 respond to his claims.  Because the court concludes that plaintiff's opposition cures any

27 deficiencies alleged in defendants' motion to dismiss by giving more specific factual details of

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd        5

1   his allegations, the court DENIES defendants' motion to dismiss.   In addition, the court

2   GRANTS defendants' motion for a more definite statement.  Plaintiff's opposition, however,

3   appears to sufficiently presents his claims in a more definite statement.

4          Accordingly, as a matter of judicial discretion and efficiency, the court will construe

5   plaintiff's opposition to defendants' motion to dismiss as an amendment to plaintiff's third

6   amended complaint and order defendants to file a motion for summary judgment or notice of

7   such motion with respect to plaintiff's retaliation claim and excessive force claim within 90 days

8   from the filing date of this order.

9   B.     Locate Unserved Defendants

10         The United States Marshal attempted service upon these unserved defendants:

11  Correctional Officer Caplan, Correctional Officer Thompson, Correctional Officer Sandoval,

12  Sergeant Pedia, Correctional Officer Ellenbracht, and Correctional Officer Flores at the

13  Correctional Training Facility in Soledad, California, because that is where plaintiff indicated

14  they were located.  As to Caplan, Thompson, Sandoval, Ellenbracht, and Flores, the summons

15  were returned unexecuted because the facility needed more information in order to serve the

16  defendants as there were other individual employees at the facility with the same last names.  As

17  to Pedia, the summons was returned unexecuted because the facility had no record of a Sergeant

18  Pedia ever having worked there.

19         Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a

20  showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.

21  See Fed. R. Civ. P. 4(m).  In cases wherein the plaintiff proceeds in forma pauperis, the "officers

22  of the court shall issue and serve all process."  28 U.S.C. 1915(d).  The court must appoint the

23  Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

24  must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.

25  1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Although a

26  plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the

27  Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather,

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd          6

1  "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to

2  remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107,

3  1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own,

4  for example, because plaintiff failed to provide sufficient information or because the defendant is

5  not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation

6  or face dismissal.  See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison

7  official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided

8  marshal with sufficient information to serve official or that he requested that official be served).

9       Because plaintiff has not provided sufficient information to allow the Marshal to locate

10 and serve them, plaintiff must remedy the situation or face dismissal of his claims against said

11 defendants without prejudice.  See id.  Accordingly, plaintiff must provide the court with the

12 accurate and current location of defendants Correctional Officer Caplan, Correctional Officer

13 Thompson, Correctional Officer Sandoval, Sergeant Pedia, Correctional Officer Ellenbracht, and

14 Correctional Officer Flores such that the Marshal is able to effect service upon them.  Failure to

15 do so within **thirty days** of the date this order is filed will result in the dismissal of the claims

16 against those defendants.

17                                    **CONCLUSION**

18      1.     Defendants' motion to dismiss (docket no. 69) for failing to comply with Rules 8,

19 18, and 20 and failing to state a claim is DENIED.  Defendants' request for a more definite

20 statement is GRANTED.

21      2.     Plaintiff's opposition to defendants' motion to dismiss (docket no. 71) is

22 construed as an amendment to plaintiff's third amended complaint.  As such, no later than **ninety**

23 **(90) days** from the date of this order, defendants shall file a motion for summary judgment or a

24 motion to dismiss on the grounds that plaintiff failed to exhaust his administrative claims with

25 respect to the retaliation and excessive force claims in the THIRD AMENDED COMPLAINT as

26 set forth, or notify the court that they are of the opinion that this case cannot be resolved by such

27 a motion.

28

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd          7

a.     If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

3.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

a.     In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1

2

3

4

5

6

7

8

       Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

9 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

10 Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

11 (1986) (holding party opposing summary judgment must come forward with evidence showing

12 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

13 failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

14 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

15 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

16 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

17       4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

18 opposition is filed.

19       5.    The motion shall be deemed submitted as of the date the reply brief is due.  No

20 hearing will be held on the motion unless the court so orders at a later date.

21       6.    All communications by the plaintiff with the court must be served on defendants,

22 or defendants' counsel once counsel has been designated, by mailing a true copy of the

23 document to defendants or defendants' counsel.

24       7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

25 No further court order is required before the parties may conduct discovery.

26       For plaintiff's information, the proper manner of promulgating discovery is to send

27 demands for documents or interrogatories (questions asking for specific, factual responses)

28

1   directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

2   matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

3   Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

4   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

5   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

6   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

7   proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

8   with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it

9   to his benefit to wait until defendants have filed a dispositive motion which could include some

10  or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered

11  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

12  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

13  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

14  motion to compel he must send a letter to defendants to that effect, offering them one last

15  opportunity to provide him with the sought-after information.

16      8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

17  and all parties informed of any change of address and must comply with the court's orders in a

18  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

19  pursuant to Federal Rule of Civil Procedure 41(b).

20      9.      Plaintiff must provide the court with accurate and current location information for

21  defendants Caplan, Thompson, Sandoval, Pedia, Ellenbracht, and Flores such that the Marshal is

22  able to effect service upon them.  If plaintiff fails to provide the court with the accurate and

23  current locations, within **thirty (30) days** of the date this order is filed, plaintiff's claims against

24  defendants Caplan, Thompson, Sandoval, Pedia, Ellenbracht, and Flores will be dismissed

25  pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the dismissal will be without

26  prejudice to plaintiff refiling his complaint with such information.

27      This order terminates docket no. 69.

28
Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603misc2.wpd          10

1        IT IS SO ORDERED.

2   DATED: ____2/12/09____

                                        *Ronald M. Whyte*

3                                     RONALD M. WHYTE
                                  United States District Judge

Order Denying Defendants' Motion to Dismiss; Granting Defendants' Motion for a More Definite Statement;
Directing Defendants to File Motion for Summary Judgment or Notice Regarding Such Motion; Directing Plaintiff
to Locate Unserved Defendants