*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., ) | No. C 02-5603 RMW (PR) |
| Plaintiff, ) | ORDER RE-ISSUING SUMMONS |
| v. ) | |
| CORRECTIONAL OFFICER ) CAPLAN, et al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint alleging violations of his federal constitutional rights by prison staff at the Correctional Training Facility in Soledad, California. On March 4, 2009, after order of this court, plaintiff filed a reply regarding the location of six unserved defendants.

Previously, the United States Marshal attempted service upon these unserved defendants: Correctional Officer Caplan, Correctional Officer Thompson, Correctional Officer Sandoval, Sergeant Pedia, Correctional Officer Ellenbracht, and Correctional Officer Flores at the Correctional Training Facility in Soledad, California, because that is where plaintiff indicated they were located. As to Caplan, Thompson, Sandoval, Ellenbracht, and Flores, the summons were returned unexecuted because the facility needed more information in order to serve the

1 defendants as there were other individual employees at the facility with the same last names. As
2 to Pedia, the summons was returned unexecuted because the facility had no record of a Sergeant
3 Pedia ever having worked there.

4     The court ordered plaintiff to provide the court with the accurate and current locations of
5 unserved defendants so that the Marshal was able to effect service. On March 4, 2009, plaintiff
6 filed a reply and added more specific information for defendants Caplan, Thompson, Sandoval,
7 Pedia, Ellenbracht, and Flores. With this additional information, the court orders service upon
8 the unserved defendants.

9     Accordingly, it is hereby ordered as follows:

10     1. The clerk shall re-issue summons and the United States Marshal shall serve, without
11 prepayment of fees, copies of the THIRD AMENDED COMPLAINT in this matter, all
12 attachments thereto, and copies of this order on the following defendants:

13     a. **Correctional Officer D. Caplan** at **Salinas Valley, 31625 Highway 101, Soledad,**
14 **CA 93960;**

15     b. **Correctional Officer R. Ellenbracht** at **CTF - Soledad,** last employed at North
16 Facility A-yard 2nd Watch Rainier Hall in 2003-04;

17     c. **Correctional Officer R. Flores** at **CTF-Soledad**, last employed at North Facility
18 2nd Watch;

19     d. **Correctional Officer C. Thompson** at **CTF-Soledad**, last employed at North
20 Facility A-yard and B-yard in 2003-04;

21     e. **Sergeant A. Padilla** at **CTF-Soledad**, last employed at North Facility in 2003-04;
22 and

23     f. **Sergeant C. Sandoval** at **CTF-Soledad**, last employed at Central, First Watch.

24     2. In order to expedite the resolution of this case:

25     a. defendants shall, within **sixty (60) days** from the date they are served with
26 the complaint, file a motion for summary judgment or other dispositive motion, or shall notify
27 the Court that they are of the opinion that this case cannot be resolved by such a motion. The
28 motion shall be supported by adequate factual documentation and shall conform in all respects to

Federal Rule of Civil Procedure 56.

Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

All papers filed with the Court shall be served promptly on plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants' counsel not later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

1           c.     Defendants may file a reply brief no later than **fifteen (15) days** after
2 plaintiff's opposition is filed.
3           d.     The motion shall be deemed submitted as of the date the reply brief is due.
4 No hearing will be held on the motion unless the Court so orders at a later date.
5      3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
6 further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
7 required before the parties may conduct discovery.
8      For plaintiff's information, the proper manner of promulgating discovery is to send
9 demands for documents or interrogatories (questions asking for specific, factual responses)
10 directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to
11 matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).
12 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
13 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
14 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
15 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
16 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply
17 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
18 to his benefit to wait until defendants have filed a dispositive motion which could include some
19 or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered
20 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
21 Rule 37-1 has been satisfied.  Because plaintiff is incarcerated he is not required to meet and
22 confer with defendants in person.  Rather, if his discovery requests are denied and he intends to
23 file a motion to compel, he must send a letter to defendants to that effect, offering them one last
24 opportunity to provide him with the information sought.
25      4. All communications by plaintiff with the Court must be served on defendants' counsel
26 once counsel has been designated, by mailing a true copy of the document to defendants'
27 counsel.
28      5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and

Order Re-Issuing Summons
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603reissue.wpd      4

the parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __3/16/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge