*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. C 02-5603 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT THOMPSON'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE |
| v. | |
| C/O CAPLAN, et al., | |
| Defendants. | |

Plaintiff Robert Lee Jenkins, Jr., proceeding pro se, filed a third amended civil rights complaint on June 7, 2007, pursuant to 42 U.S.C. § 1983 against officials and employees of Central Training Facility, Soledad, where plaintiff was housed. Plaintiff alleges that he was denied his Eighth Amendment right to be free from excessive force and his First Amendment right to be free from retaliation. Defendants filed a motion to dismiss and motion for summary judgment.[1] Defendant Thompson filed a separate motion to dismiss. Plaintiff filed oppositions to both motions. Defendants did not file a reply.

Based upon a careful review of the papers, the court GRANTS defendants' motions to dismiss, and DENIES plaintiff's motion for summary judgment without prejudice.

---

[1] Although service has been attempted three times, defendant Caplan still has not been served. Accordingly, he does not join the motion to dismiss and motion for summary judgment.

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

**BACKGROUND**

On November 26, 2002, plaintiff filed an original complaint naming defendant Caplan. On October 7, 2003, plaintiff an amended complaint, adding several other defendants. On March 3, 2004, the court ordered plaintiff to show cause why the case should not be dismissed for failure to exhaust. In that order, the court warned plaintiff that if he had failed to fully exhaust all his claims, the action would be dismissed without prejudice. On April 28, 2004 and March 23, 2005, plaintiff filed his responses to the court's order, averring that his claims were exhausted. On October 27, 2005, plaintiff filed a "supplemental complaint." On June 7, 2007, after the court ordered plaintiff to clarify which complaint was the operative complaint, plaintiff filed a third amended complaint ("TAC") to supercede all others. On May 12, 2008, the court partially dismissed plaintiff's TAC and served the two cognizable claims: (1) retaliation and (2) excessive force.

In his TAC, plaintiff alleges that defendants retaliated against him for filing the instant action as well as filing various prison grievances and that defendants Thompson and Padilla[2] used excessive force against him. Specifically, plaintiff states that in May 2002, he repeatedly told defendant Caplan that he did not want to be housed with smokers because second-hand smoke made him ill. Plaintiff alleges that defendant Caplan, for personal reasons, refused to believe him and kept placing inmates who smoked into plaintiff's cell with him. (Dkt. No. 71, p. 6.) In response, plaintiff filed an inmate grievance appeal against defendant Caplan. In his TAC, plaintiff asserts that, in retaliation against plaintiff for filing the grievance, Caplan authored a CDC 128-B chrono containing false statements about plaintiff. (Id.)

As to the remaining defendants, plaintiff alleges that at different times throughout 2003, they engaged in a variety of retaliatory actions in response to plaintiff's filing of different inmate grievances and staff complaints, as well as in response to plaintiff's filing of this underlying

---

[2] In plaintiff's March 4, 2009 response providing accurate location and identifying information on the then unserved defendants, plaintiff indicated that he misspelled defendant Padilla's name as "Pedia," and corrected his mistake.

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

2

federal action. For example, plaintiff states that defendant Dunstan used inappropriate language toward him. (Id. at 7.) In response, plaintiff filed a grievance against him. (Id. at 7-8.) In turn, defendant Dunstan tried to provoke him. (Id. at 8.) Defendants Ellenbracht, Lomeli, Sanchez, and Pegero retaliated against plaintiff for his grievance against defendant Dunstan by having plaintiff removed from his cell. (Id.) After plaintiff refused, defendant Morris wrote up a report on plaintiff and took him to administrative segregation, again in retaliation for the grievance filed against Dunstan. (Id. at 8-9.) Plaintiff further asserts that on August 4, 2003, he was placed in administrative segregation for filing a staff complaint against defendant Lomeli for encouraging another inmate to beat plaintiff up. (TAC at 3.) In addition, plaintiff states that on September 11, 2003, defendants Ellison, Flores, and Kulwicki falsely accused him of threatening staff members and had him placed in administrative segregation for several unspecified grievances that plaintiff had written. (Dkt. No. 71, p. 11.)

## DISCUSSION

Defendant Thompson filed a motion to dismiss for failure to exhaust and the remaining defendants filed a motion to dismiss for failure to exhaust as well as a motion for summary judgment. Defendants' arguments are addressed in turn.

A     Exhaustion

    1.     Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. A complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

3

fact. Id. at 1119-20.[3] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

The Prison Litigation Reform Act ("PLRA") of 1995 was amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Ngo I") (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). However, the obligation to exhaust only persists as long as some remedy is available; thus, a prisoner need not exhaust further levels of review once he has received all the remedies that are "available" at an intermediate level of review. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).

Prisoners in California must exhaust four levels of review. Cal. Code Regs. Title 15, § 3084.1(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Id. California also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of

---

[3] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

| | |
|---|---|
| 1 | Corrections. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This |
| 2 | satisfies the administrative remedies exhaustion requirement under § 1997e(a).  Barry, 985 F. |
| 3 | Supp. at 1237-38. |

   2.  Defendant Thompson's Motion to Dismiss

  In his motion to dismiss, defendant Thompson states that plaintiff failed to exhaust his administrative remedies against him regarding the claim of excessive force. Defendant Thompson argues that the alleged excessive force claim occurred on September 26, 2003, almost one year after plaintiff brought this action to federal court. Plaintiff acknowledges that the incident involving defendant Thompson occurred after he filed his original complaint. Plaintiff concedes that the excessive force claim against defendant Thompson was not exhausted until May 19, 2004, but claims that this court permitted him to amend his complaint and granted his request to stay the complaint so that he could exhaust administrative remedies.

  As an initial matter, a thorough review of the court's file and docket sheet reveals no such request to stay the complaint for purposes of exhaustion nor does the court have any record of granting a request for such purposes. Additionally, exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Although Federal Rule of Civil Procedure 15 permits liberal amendment of complaints, that rule does not and cannot overrule the exhaustion requirement of the PLRA. Cf. Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000) (explaining that if there were a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict"); see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (noting that a failure to exhaust under the PLRA is not excused by the filing of a supplemental pleading under Federal Rule of Civil Procedure 15(d)).

  Here, plaintiff could not have exhausted the inmate grievance process for claims arising out of events occurring after November 26, 2002, when this action was initiated. Plaintiff contends that he satisfied the exhaustion requirement because the claims in his TAC related back to the claim in his original complaint. Under Federal Rule of Civil Procedure 15, however, the

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying
Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

5

date of an amended complaint relates back to the date of the original complaint. Therefore, the operative date of plaintiff's third amended complaint, for purposes of exhaustion, is November 26, 2002. Because plaintiff failed to exhaust his administrative remedies as to his excessive force claim before November 26, 2002, that claim is dismissed without prejudice. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because Vaden did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice.").

Based on the record and plaintiff's concession that he did not exhaust the excessive force claim prior to bringing this action in federal court, defendant Thompson's motion to dismiss the excessive force claim for failure to exhaust is GRANTED. Accordingly, defendants Thompson and Padilla are DISMISSED from this action.[4]

2. Remaining Defendants' Motion to Dismiss

The remaining defendants move to dismiss the retaliation claims against them, arguing that plaintiff failed to exhaust. Defendants state that only one relevant administrative grievance was exhausted prior to the filing of the original complaint. Plaintiff maintains that he received permission from this court to stay the original complaint while he exhausted other issues and that those issues all relate back to the original complaint.

As the court stated above, the court's file and docket sheet reveal no such request to stay the complaint for purposes of exhaustion nor does the court have any record of granting a request for such purposes. Further, plaintiff appears to concede that did not exhaust all of his administrative remedies prior to bringing this action in federal court in November 2002. The court reiterates that the PLRA requires exhaustion prior to bringing a federal action. See McKinney, 311 F.3d at 1199-1201. Allowing plaintiff to surpass proper exhaustion by tacking

---

[4] Although defendant Padilla did not join defendant Thompson's motion to dismiss, the court notes that plaintiff's excessive force claim accused only defendants Thompson and Padilla. Because defendant Padilla is thus in a similar position as defendant Thompson, Padilla is properly dismissed as well. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).

on additional allegations and defendants years after he originally brings suit, even if his grievances naming the remaining defendants were exhausted while this suit was pending, would contravene the main purposes of the exhaustion requirement: it would allow plaintiff to disregard prison grievance procedures and would deny the prison a fair opportunity to resolve the grievance in a quick and economical fashion. See Ngo I, 548 U.S. at 85; McKinney, 311 F.3d at 1199.

Defendants assert that plaintiff only exhausted one potentially relevant inmate grievance prior to bringing this federal action: CTF-N-02-01309. In 2002, plaintiff submitted a personnel complaint asserting that he did not wish to be housed with smokers. (TAC, Ex. O.) He used that complaint as the basis of CTF-N-02-01309. (Id.) On September 27, 2002, plaintiff's appeal was denied at the director's level. (Id.) A review of this administrative grievance demonstrates that plaintiff made no mention of retaliatory actions. Rather, his grievance concerned his desire to be housed with non-smokers rather than smokers for health reasons. Accordingly, this grievance did not exhaust plaintiff's underlying retaliation claims.

However, contrary to defendants' assertion that plaintiff's only potentially relevant exhausted grievance is log number CTF-N-02-01309, the court concludes that CTF-N-02-01378 is also relevant to plaintiff's allegations and was exhausted prior to bringing this action. In CTF-N-02-01378, plaintiff used another personnel complaint as the basis for his grievance that asserted that not only was his wish to be housed with non-smokers not being addressed, but that defendant Caplan filed a false CDC 128-B chrono against him. (TAC, Ex. A1.) A review of plaintiff's grievance shows that although most of its content disputes the statements made in Caplan's chrono report, plaintiff did also allege that Caplan's report was created in retaliation against plaintiff's filing of grievances and complaining about being housed with smokers. (Id.) This inmate appeal was exhausted at the director's level on October 25, 2002. (Id.)

Out of these two appeals, properly exhausted before November 26, 2002, only the latter, CTF-N-02-01378, alleges that any of the defendants acted in retaliation against plaintiff for exercising his First Amendment right. Specifically, in CTF-N-02-01378, plaintiff argued that

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

7

the CDC 128-B chrono was untrue; alleged that defendant Caplan wrote false statements in the chrono in response to plaintiff's grievance filings; and requested an investigation into defendant Caplan's alleged false CDC 128-B chrono and subsequent removal of the chrono from plaintiff's file.

However, the question remains whether CTF-N-02-01378, naming only defendant Caplan who has not yet been served in this action, exhausted plaintiff's retaliation claims against any of the other defendants remaining. For purposes of exhaustion, an inmate grievance must provide sufficient information so as to alert prison officials as to the problem and facilitate its resolution. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In other words, did the allegations in CTF-N-02-01378 provide enough information to alert prison officials to the problem involving the other instances of alleged retaliation for filing other personnel complaints and inmate grievances against the remaining defendants? The court concludes that it does not. While it is true that the grievance procedure did not require plaintiff to name all defendants, see Jones v. Bock, 549 U.S. 199, 218 (2007), here, the allegations in CTF-N-02-01378 could not reasonably give reviewing officials notice that plaintiff had been harmed by any retaliatory conduct concerning any of the remaining defendants.

Plaintiff's claims against the remaining defendants generally assert that after he filed a separate staff complaint or grievance against them individually for a variety of reasons, several of the defendants would retaliate against him. Plaintiff further stated that the remaining defendants retaliated against him for filing the instant action. CTF-N-02-01378 does not name any other defendant nor does it address any alleged conduct of the remaining defendants as asserted in plaintiff's TAC. Moreover, CTF-N-02-01378 does not contain a minutia of factual detail concerning any of the alleged conduct of the remaining defendants. The court concludes that, as to the remaining served defendants, CTF-N-02-01378 did not and could not give prison officials adequate notice nor a fair opportunity to facilitate a resolution to the alleged problems concerning said defendants. See Griffin, 557 F.3d at 1120; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison

Order Granting Defendants' Motion to Dismiss; Granting Defendant Thompson's Motion to Dismiss; Denying Plaintiff's Motion for Summary Judgment without Prejudice
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd

8

officials to a problem . . . . But, at the same time, the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem.") (cited with approval in Jones, 549 U.S. at 923).

Accordingly, plaintiff has not exhausted his administrative remedies with respect to the retaliation claims against the remaining defendants. Therefore, the court GRANTS defendants' motion to dismiss and DISMISSES the retaliation claim against defendants Sandoval, Lamson, Roberts, Barker, Flores, Ellenbracht, Lomeli, Ellison, McDonald, Morris, Kulwicki, Sisk, Trexler, Stoneburg, Ahl, Benedetti, Altermeyer, G. Harris, Warden Jill Brown, Sgt., Dunstan, A. Padilla, and J. Solis.

B. <u>Other Pending Matters</u>

Plaintiff's motion to dismiss defendants' motion for summary judgment is DENIED. Plaintiff requested that the court dismiss and deny defendants' motion because defendants failed to file its motion within the court imposed 10-day deadline. However, because plaintiff has failed to demonstrate that he was prejudiced by the defendants' 3-day delay, plaintiff's motion is DENIED.

In light of the court's dismissal of all served defendants, the court DENIES plaintiff's motion for summary judgment without prejudice. Plaintiff may file any motion for summary judgment against defendant Caplan once he has been served and has made an appearance.

**CONCLUSION**

Defendants' motions to dismiss for failure to exhaust is GRANTED. This order terminates docket numbers 99, 104, 110, and 115.

IT IS SO ORDERED.

DATED: 2/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\Cr.02\Jenkins603mtdmsj.wpd    9