*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. C 02-5603 RMW (PR) |
| Plaintiff, | ORDER OF PERSONAL SERVICE |
| v. | |
| CORRECTIONAL OFFICER CAPLAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint alleging violations of his federal constitutional rights by prison staff at the Correctional Training Facility in Soledad, California. This action has been pending since November 26, 2002. On July 21, 2008, the court issued a summons to defendant Correctional Officer Caplan. On July 31, 2008, the summons was returned unexecuted because the facility would not accept service without more detailed information. On March 4, 2009, plaintiff gave more information regarding defendant Caplan and on March 20, 2009, the court re-issued a summons to defendant Caplan. However, on May 26, 2009, the summons was again returned as unexecuted. This time, service was not completed because defendant Caplan was no longer at the facility. On July 6, 2009, the court requested the litigation coordinator at Salinas Valley State Prison, where the Marshal last

attempted service on defendant Caplan, to provide defendant Caplan's last known place of employment. On September 22, 2009, the litigation coordinator informed the court that defendant Caplan was working at California Rehabilitation Center in Norco, California. Thereafter, on September 28, 2009, the court re-issued a summons to defendant Caplan.

To date, no summons has been returned either executed or unexecuted.

Accordingly, it is hereby ordered as follows:

1. The clerk of the court shall issue summons and the United States Marshal shall **<u>personally serve</u> within 14 days of the filing date of this order** without prepayment of fees, a copy of the third amended complaint, all attachments thereto, and a copy of this order upon: **D. Caplan** at the **California Rehabilitation Center, 5th Street and Western, Norco, California**. The clerk shall also <u>mail a courtesy copy</u> of this order and the third amended complaint, with all attachments thereto, to the **California Attorney General's Office**.

2. In order to expedite the resolution of this case:

   a. defendant shall, within **sixty (60) days** from the date he is served with the complaint, file a motion for summary judgment or other dispositive motion, or shall notify the court that he is of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.

   All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant's counsel not later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

   The defendants have made a motion for summary judgment by which they seek

> to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

       c.       Defendant may file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

       d.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendant's counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to

matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendant has filed a dispositive motion which could include some or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered by the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is incarcerated he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to file a motion to compel, he must send a letter to defendant to that effect, offering him one last opportunity to provide him with the information sought.

4. All communications by plaintiff with the court must be served on defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant's counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/8/10

_____
RONALD M. WHYTE
United States District Judge