*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. C 02-5603 RMW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY; DENYING PLAINTIFF'S MOTION FOR STAY |
| v. | |
| C/O CAPLAN, et al., | |
| Defendants. | |

Plaintiff Robert Lee Jenkins, Jr., proceeding pro se, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of Central Training Facility, Soledad, where plaintiff was housed. Plaintiff alleges that he was denied his Eighth Amendment right to be free from excessive force and his First Amendment right to be free from retaliation. On February 9, 2010, the court dismissed claims against all defendants except defendant Caplan for failure to exhaust. Currently pending before the court are plaintiff's motion for a certificate of appealability and plaintiff's motion for a stay. For the reasons stated below, plaintiff's motions are DENIED.

## DISCUSSION

I.   Motion for Certificate of Appealability

On February 23, 2010, plaintiff filed a "Motion for Certificate of Appealability under Federal Rule 60(b) . . ." Because the court's February 9, 2010 order was not a "final" order, see

1  Fed. R. Civ. P. 54(b), and a Certificate of Appealability is inapplicable to a § 1983 action, the
2  court construes plaintiff's motion as a motion for leave to file a motion for reconsideration.

3      "Reconsideration is appropriate if the district court (1) is presented with newly
4  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or
5  (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5
6  F.3d 1255, 1263 (9th Cir. 1993). In the Northern District of California, no motion for
7  reconsideration may be brought without leave of court. See Civil L.R. 7-9(a). Under Civil Local
8  Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a
9  material difference in fact or law exists from that which was presented to the court before entry
10 of the interlocutory order for which the reconsideration is sought, and that in the exercise of
11 reasonable diligence the party applying for reconsideration did not know such fact or law at the
12 time of the interlocutory order; or (2) the emergence of new material facts or a change of law
13 occurring after the time of such order; or (3) a manifest failure by the court to consider material
14 facts which were presented to the court before such interlocutory order. See Civil L.R. 7-9(b).
15 Unless otherwise ordered by the court, no response need be filed to a motion under the Local
16 Rule. See Civil L.R. 7-9(c).

17     Here, plaintiff does not demonstrate any factors that warrant reconsideration.
18 Accordingly, plaintiff's motion for leave to file a motion for reconsideration is DENIED.

19 II.    Motion for stay

20     On June 1, 2010, defendant Caplan filed a motion for summary judgment. On June 14,
21 2010, plaintiff filed a motion requesting a stay of the motion for summary judgment "until Ninth
22 Circuit's decision." This court was unable to discover, and the plaintiff has not provided, a case
23 number from the Ninth Circuit demonstrating that plaintiff has any appeal pending. Further,
24 because no final judgment has issued from this court regarding the underlying case, no appeal
25 would be appropriate at this time. Accordingly, plaintiff's motion for a stay is DENIED.
26 ///
27 ///
28

Order Denying Plaintiff's Motion for Certificate of Appealability; Denying Plaintiff's Motion for Stay
P:\PRO-SE\SJ.Rmw\CR old\Cr.02\Jenkins603mtns.wpd

**CONCLUSION**

Plaintiff's motion for a Certificate of Appealability is DENIED. Plaintiff's motion for a stay is DENIED. This order terminates docket numbers 121 and 132.

IT IS SO ORDERED.

DATED: 7/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge