*E-FILED - 1/28/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT LEE JENKINS, JR., | ) | No. C 02-5603 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER VACATING FEBRUARY 9, |
| | ) | 2010 ORDER; DIRECTING |
| v. | ) | DEFENDANTS TO FILE DISPOSITIVE |
| | ) | MOTION OR NOTICE REGARDING |
| CAPLAN, et al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On June 7, 2007, plaintiff filed a third amended complaint. On February 9, 2010, the court granted defendants' motion to dismiss for failure to exhaust and dismissed all defendants except Caplan, who had yet to be served. On September 8, 2010, the Ninth Circuit issued its opinion in Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), which held that, under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner has exhausted his administrative remedies so long as he sought administrative relief prior to tendering his complaint -- even a subsequently amended complaint -- to the district court for filing. This court ordered defendants to show cause why, in light of Rhodes, the court's February 9, 2010 order dismissing most of the defendants should not be vacated. Defendants requested the court take judicial notice of the petition for rehearing en banc in Rhodes, and requested a stay until the Ninth Circuit ruled on the petition. On December 1, 2010, the Ninth Circuit denied the petition for rehearing en banc.

1  Accordingly, the court sua sponte VACATES its February 9, 2010 order, and issues a further

2  briefing schedule.

3  No later than **ninety (90) days** from the date of this order, defendants shall file a motion

4  for summary judgment or other dispositive motion, or notify the court that they are of the

5  opinion that this case cannot be resolved by such a motion.

6  If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to

7  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant

8  <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108,

9  1119-20 (9th Cir. 2003).

10  Any motion for summary judgment shall be supported by adequate factual documentation

11  and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants**

12  **are advised that summary judgment cannot be granted, nor qualified immunity found, if**

13  **material facts are in dispute.  If any defendant is of the opinion that this case cannot be**

14  **resolved by summary judgment, he shall so inform the court prior to the date the summary**

15  **judgment motion is due.**

16  Plaintiff's opposition to the dispositive motion shall be filed with the court and served on

17  defendant no later than **thirty (30) days** from the date defendants' motion is filed.

18  In the event defendants file an unenumerated motion to dismiss under Rule 12(b),

19  plaintiff is hereby cautioned as follows:[1]

20         The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your

21  administrative remedies.  The motion will, if granted, result in the dismissal of
your case.  When a party you are suing makes a motion to dismiss for failure to

22  exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint

23  says.  Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's

24  declarations and documents and show that you have in fact exhausted your
claims.  If you do not submit your own evidence in opposition, the motion to

25

26  _____

27  [1]  The following notice is adapted from the summary judgment notice to be given to pro
se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u>

28  <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order Vacating February 9, 2010 Order; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR old\Cr.02\Jenkins603redo.wpd   2

1  dismiss, if appropriate, may be granted and the case dismissed.

2  In the event defendants file a motion for summary judgment, the Ninth Circuit has held

3  that the following notice should be given to plaintiffs:

4        The defendants have made a motion for summary  judgment by which
   they seek to have your case dismissed.  A motion for summary judgment under
5  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

6        Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there is
7  no genuine issue of material fact--that is,  if there is no real dispute about any fact
   that would affect the result of your case, the party who asked for summary
8  judgment is entitled to judgment as a matter of law, which will end your case.
   When a party you are suing makes a motion for summary judgment that is
9  properly supported by declarations (or other sworn testimony), you cannot simply
   rely on what your complaint says.  Instead, you must set out specific facts in
10 declarations, depositions, answers to interrogatories, or authenticated documents,
   as provided in Rule 56(e), that contradict the facts shown in the defendants'
11 declarations and documents and show that there is a genuine issue of material fact
   for trial.  If you do not submit your own evidence in opposition, summary
12 judgment, if appropriate, may be entered against you.  If summary judgment is
   granted in favor of defendants, your case will be dismissed and there will be no
13 trial.

14 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

15 Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

16 (1986) (holding party opposing summary judgment must come forward with evidence showing

17 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

18 failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

19 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

20 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

21 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

22 Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

23 opposition is filed.

24 The motion shall be deemed submitted as of the date the reply brief is due.  No hearing

25 will be held on the motion unless the court so orders at a later date.

26 All communications by the plaintiff with the court must be served on defendants, or

27 defendants' counsel once counsel has been designated, by mailing a true copy of the document to

28

Order Vacating February 9, 2010 Order; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR old\Cr.02\Jenkins603redo.wpd   3

1  defendants or defendants' counsel.

2          Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

3  further court order is required before the parties may conduct discovery.

4          For plaintiff's information, the proper manner of promulgating discovery is to send

5  demands for documents or interrogatories (questions asking for specific, factual responses)

6  directly to defendants' counsel.  <u>See</u> Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

7  matters "relevant to the claim or defense of any party . . ."  <u>See</u> Fed. R. Civ. P. 26(b)(1).

8  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

9  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

10  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

11  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

12  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply</u>

13  <u>with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it</u>

14  <u>to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

15  <u>or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered

16  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

17  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

18  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

19  motion to compel he must send a letter to defendants to that effect, offering them one last

20  opportunity to provide him with the sought-after information.

21          It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all

22  parties informed of any change of address and must comply with the court's orders in a timely

23  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

24  pursuant to Federal Rule of Civil Procedure 41(b).

25          IT IS SO ORDERED.

26  DATED:  ___1/25/11___

27                                    RONALD M. WHYTE
                                      United States District Judge

28

Order Vacating February 9, 2010 Order; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR old\Cr.02\Jenkins603redo.wpd    4